FILED
Jul 15 2026
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ JuanaGuerrero DEPUTY

SEALED

ORDERED UNSEALED on 07/17/2026 s/ melindajw

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

May 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WILMER GEOVANNY CHAVARRIA-BARRE, aka "Pipo,"<br>Defendant. | Case No. 26CR0383-H<br>I N D I C T M E N T<br>**(Superseding)**<br>Title 21, U.S.C., Secs. 959, 960 and 963 - International Conspiracy to Distribute Controlled Substances; Title 21, U.S.C., Secs. 960a, 841(a)(1), 841(b)(1)(A) - Narco-terrorism; Title 18 U.S.C. Sec. 2- Aiding and Abetting; Title 21, U.S.C., Sec. 853 - Criminal Forfeiture |

The grand jury charges:

Count 1

Beginning at a date unknown to the grand jury and continuing up to and including 2022, in the countries of Ecuador, Colombia, and elsewhere, defendant Wilmer Geovanny CHAVARRIA-Barre, aka "Pipo," who will first enter the United States in the Southern District of California, did knowingly and intentionally conspire with others known and unknown to the grand jury to distribute and cause the distribution of a controlled substance, to wit: 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; intending, knowing, and having reasonable cause to believe that such cocaine would be unlawfully imported into the United States; in violation of Title 21, United States Code, Sections 959, 960, and 963.

JBA:cms:San Diego:7/15/26

Count 2

Beginning at a date unknown to the grand jury and continuing up to and including on or about November 16, 2025, in the countries of Ecuador, Colombia, and elsewhere, defendant Wilmer Geovanny CHAVARRIA-Barre, aka "Pipo," who will first enter the United States in the Southern District of California, did knowingly and intentionally engage and attempt and conspire to engage in conduct in and affecting interstate and foreign commerce and that would be punishable under Title 21, United States Code, Section 841(a), if committed within the jurisdiction of the United States, that is, to knowingly and intentionally manufacture, distribute and possess with intent to distribute 5 kilograms and more of cocaine, a Schedule II Controlled Substance; knowing and intending to provide directly and indirectly, anything of pecuniary value to any person and organization that has engaged and engages in terrorist activity and terrorism, namely, Los Lobos, having knowledge that Los Lobos has engaged and engages in terrorist activity and terrorism; all in violation of Title 21, United States Code, Sections 960a, 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

Criminal Forfeiture Allegations

1. The allegations contained in Counts 1 and 2 are realleged and incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C).

2. Upon conviction of one and more of the felony offenses alleged in Counts 1 and 2 of this indictment, said violations being punishable by imprisonment for more than one year and pursuant to Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C), defendant Wilmer Geovanny CHAVARRIA-Barre, aka "Pipo," shall forfeit to the United States

all rights, title and interest in any and all property constituting, and derived from, any proceeds the Defendant obtained, directly and indirectly, as the result of the offenses, and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violations, and ALL property involved in the alleged in Counts 1 and 2 of this indictment.

3. If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the above-described forfeitable property.

DATED: July 15, 2026.

A TRUE BILL:

[redacted]

ADAM GORDON
United States Attorney

By: JORDAN B. ARAKAWA
Assistant U.S. Attorney